```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
DELONE STALLINGS                         :
                       Petitioner,       :
                                         :        MEMORANDUM OPINION
            -v-                          :            & ORDER
                                         :
PHILIP D. HEATH, Superintendent, Sing    :
Sing Correctional Facility,              :        11 Civ. 4894 (DLC)
                                         :
                       Respondent.       :
                                         :
-----------------------------------------X
```

APPEARANCES:

For the petitioner:

Delone Stallings, pro se
Din# 09-A-2198
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

For the respondent:

Lea Lorene La Ferlita
Thomas Benjamin Litsky
Office of New York State Attorney General
120 Broadway, 24th Floor
New York, NY 10271


DENISE COTE, District Judge:

Delone Stallings ("Stallings") has filed a petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging

his conviction following trial.  For the reasons set forth in

the report and recommendation of Magistrate Judge Andrew Peck

issued on March 7, 2012 ("Report") and below, the petition is
denied.


BACKGROUND

On February 24, 2007, Stallings and Mallar Alston
("Alston") robbed a pizza deliveryman at knife point.  After the
robbery, they went to Alston's apartment, where Stallings
bragged to Alston's mother that he had robbed someone.  An
anonymous tip led the police to the two robbers and on March 1,
the deliveryman identified both robbers in separate lineups.

After a Wade/Dunaway hearing, a state court judge ruled
that the lineup identification of Stallings was admissible and
that his arrest was lawful.  The hearing evidence concerning the
line-up included the fact that Stallings identified himself as
37 years old, 5'6" and 140 pounds, and chose to occupy position
three in the line-up.  The four fillers were 23, 25, 29, and 36
years old; they weighed between 160 and 263 pounds.  They stood
between 5'8" and 6'2", but were seated to minimize the
discrepancies in their heights.  A sheet was draped over their
legs.

Two Polaroid photos of the line-up permitted the judge to
find that the defendant and two of the fillers had medium
complexions, all of the men had short close cropped hair, the
defendant and two fillers had close cropped facial hair, all

2

wore gray t-shirts, none had exposed tattoos, the defendant did

not look substantially less heavy than two of the fillers, and

all of the men appeared to be African Americans in their

twenties and thirties and did not look dramatically different in

age.  The judge found, in sum, that the five line-up

participants did not "look vastly different from one to the

other" and that there wasn't "any characteristic that would

particularly draw attention" to the defendant.

The defendant was convicted by a jury of first and second

degree robbery.  At the trial, the deliveryman testified that he

saw the faces of both robbers clearly, described his line-up

identification of the Stallings and again identified him in

court.  Ms. Alston testified about the events in her apartment

the night of the robbery, including Stallings' statement that he

had robbed someone.  Stallings made the admission when

explaining where he had gotten the pizza that he brought to the

Alston apartment.

On December 5, 2008, Stallings was sentenced to concurrent

terms of imprisonment of ten and twelve years.  On June 3, 2010,

the First Department unanimously affirmed the conviction.  It

held:

> The verdict was based on legally sufficient
> evidence and was not against the weight of the
> evidence.  There is no basis for disturbing the
> jury's determinations concerning identification
> and credibility.  The victim's identification was

3

supported by credible testimony that defendant
boasted about the crime to the codefendant's
mother.

The court properly denied defendant's motion
to suppress identification testimony.  The
record, including the lineup photograph, supports
the court's finding that the lineup was not
unduly suggestive.  The lineup participants were
sufficiently similar, and none of the differences
between defendant and the others, when viewed in
light of the description given by the victim,
created a substantial likelihood that defendant
would be singled out for identification.

We perceive no basis for reducing the
sentence.

People v. Stallings, 74 A.D.3d 456, 456 (1st Dep't 2010).  On

November 1, the New York Court of Appeals denied leave to

appeal.  People v. Stallings, 15 N.Y.3d 924 (N.Y. 2010).

On July 7, 2011, Stallings filed this pro se petition.  The

petition was referred to Magistrate Judge Peck on September 1.


DISCUSSION

A district court "may accept, reject, or modify, in whole

or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those

portions of the report to which no timely objection has been

made, "a district court need only satisfy itself that there is

no clear error on the face of the record."  Wingate v.

Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1

(S.D.N.Y. Oct.27, 2011) (citation omitted).

4

Stallings raises the following arguments in his petition. First, he argues that his line-up was suggestive for two separate reasons.  He claims that he was the only person in the line-up that matched the victim's description of one of the robbers as "short and skinny", and that the identification occurred in a second line-up and only after a police officer pointed at him.  He next argues that the conviction was against the weight of the evidence.  Finally, he contends that the sentence was excessive.

The Report analyzes each of the claims presented in the petition in detail and recommends that the petition be denied. It contains an exhaustive description of the relevant legal principles and the record of the relevant state court proceedings and rulings.  With the exception of the single issue which is the subject of the petitioner's objection to the Report, and which is therefore discussed in more detail below, there is no need to discuss the Report's analysis.  There is no evident error in that analysis and the Report is adopted on those issues.

On March 21, Stallings filed a timely objection to the Report.  He raises a single issue.  Stallings asserts that there were in fact two line-ups, and that it was during the second line-up, after a police officer stood in an open doorway behind

the five seated men and pointed at Stallings, that the delivery

man identified him.

The Report notes that Stallings never raised the issue

about the gesturing police officer when he presented his claims

to the state courts.  Thus, the claim is unexhausted.  But,

since it may no longer be presented to the state courts, it is

deemed procedurally defaulted.  See Carvajal v. Artus, 633 F.3d

95, 104 (2d Cir. 2011).  The Report observes in a footnote that

there is no record evidence of two line-ups and that the

photographs of the line-up clearly show a gesticulating officer.

These photographs were presented to the judge at the time of the

suppression hearing and to the First Department.

In his objection, Stallings appears to argue that the

police misconduct is so egregious that his claim should be

reviewed on the merits and that the claim was in any event

exhausted since no state court judge could have failed to

observe the officer and his gesture toward the defendant when it

looked at the line-up photographs.

The Report is correct that the issue presented in

Stallings' objection is procedurally barred.

> An applicant seeking habeas relief may escape
> dismissal on the merits of a procedurally
> defaulted claim only by demonstrating 'cause for
> the default and prejudice' or by showing that he
> is 'actually innocent' of the crime for which he
> was convicted.

Carvajal, 633 F.3d at 104.  Stallings has not overcome the
procedural bar.  The reason for this failure is not difficult to
fathom.  The snapshots of the line-up on which Stallings is
relying and which show the gesturing police officer appear to be
photographs the police took of the line-up in order to record
its appearance in anticipation of any motion to suppress.
Apparently, to indicate for that record which of the five
participants was the defendant, an officer entered the line-up
room from the back, and through an open door pointed to the
defendant.

Thus, there is no reason to conclude that the photographs
must have been taken at the very moment the deliveryman made his
identification, and that a police officer blatantly suggested to
the witness through his gesture which of the line-up
participants was the robber.  If that had indeed happened, there
would have multiple witnesses to such an extraordinary breach of
the law and it is difficult to imagine that the issue would not
have been presented in court either at the suppression hearing
or through cross-examination of witnesses at trial.  As
Stallings admits, all of the participants to the state court
proceedings had the photographs and the gesturing police officer
is clearly evident in them.

CONCLUSION

The Report is adopted and Stallings' July 7, 2011 petition is denied.  In addition, the Court declines to issue a certificate of appealability.  Stallings has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted.  Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).  The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk of Court shall dismiss this petition and close the case.

SO ORDERED:

Dated:    New York, New York
          May 1, 2012

_____
DENISE COTE
United States District Judge

COPIES MAILED TO:

Delone Stallings
09-A-2198
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562